WESTERN DIST.
October, 1840.

WILKINSON
ET AL.
vs.
PHELPS.

=======

## WILKINSON ET AL. *vs.* PHELPS.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF CATAHOULA, THE JUDGE OF THE SIXTH PRESIDING.

The possession of a draft by an accommodation acceptor, coupled with the fact that it has been put in circulation by the drawer, is sufficient to authorize the holder to recover, because payment by him will be presumed until the contrary is shown.

This is an action by the acceptors of a draft against the drawer. The plaintiffs allege that Luman Phelps of the parish of Catahoula, on the 1st January, 1834, drew his draft on them for seven hundred dollars, which was accepted in favor of Fisk, Watt & Co., payable sixty days after date, and that the drawer had no funds in the hands of the drawees, but was accepted purely for the accommodation of the drawer. That said draft was endorsed by the payees, put in circulation and paid by the acceptors after its maturity and protest, without any funds ever being placed in their hands by the drawer; wherefore, they pray judgment against him for the amount thereof, and for the amount of an account for commissions, &c.

The defendant pleaded a general denial, and denied specially that he ever received any value from the plaintiffs for said draft, and denies that the plaintiffs are the the legal owners thereof.

In answer to interrogatories the defendant admitted his signature, and that he had no funds in the hands of the plaintiffs and drawees at maturity of the draft, but is not aware that they have paid it; that it was given to Fisk, Watt & Co. by him in settlement, and he has been sued on it by them, and finds that in their account he is charged with its amount; that it does not appear that the plaintiffs have ever paid this draft. He admits he never paid it to the plaintiffs, and also that he did not owe Fisk, Watt & Co. the amount of it when he gave it, and that they charged and credited said draft in their account, which amounts to no credit at all.

The draft was produced in evidence, and the items in the account explained. The defendant's answers to interrogatories were read; the substance of which is stated in the opinion of the court.

The name of Fisk, Watt & Co., had been endorsed on the draft, and an erasure, by running the pen through it, made.

Upon the evidence adduced, there was judgment against the defendant and he appealed.

*Hyams* and *Mayo*, for the plaintiff, contended :

1. That the draft having been put in circulation, by the drawer after acceptance, drawn without funds, he is liable, because the acceptor is bound to pay, absolutely, in the first instance. *Chitty on Bills*, 333–4.

2. Possession of a bill by the acceptors, is evidence that they have paid it, and of property in it. 3 *Kent*, 78; 3 *Wheaton*, 172.

3. The plaintiffs, in this case, stand in the situation of accommodation makers of a note, who pay after it has been put in circulation, and who sue the first endorser, for whose interest the note was drawn to enable him to raise funds. It is admitted the bill in question was drawn without funds, and that the plaintiffs have paid it. They must recover. The account for commissions is proved, and should be allowed.

39　VOL. XVI.

WESTERN DIST.
October, 1840.

WILKINSON
ET AL.
*vs.*
PHELPS.

WESTERN DIST.
October, 1840.

WILKINSON
ET AL.
vs.
PHELPS.

*M'Guire,* for the appellant.

1. This is a suit upon an account and a bill drawn upon plaintiff. The bill offered in evidence has no act or endorsement by payee to plaintiff, except one that is erased, and that erasure unaccounted for.

2. Without other evidence than the possession of the bill, drawee has no right of action against the drawer. *Chitty on Bills, page* 637.

3. Evidence of the genuineness of an erased endorsement without evidence first to account for the erasure, is inadmissible ; none was offered in this case, and evidence to the contrary is furnished by defendant's answer to plaintiffs' interrogatories, in which he says he has been sued for the amount of the bill by the payee, and makes the account in that suit evidence in the case to which the attention of the court is called.

4. The account charging 2 1-2 per cent. for acceptances does not appear to have been paid by the plaintiffs, consequently nothing can be due on that account. It would be giving something for nothing ; it must be presumed, to be allowed as a compensation for paying out funds unexpectedly, should the drawer not put the drawee in funds in time to meet the acceptance ; if the acceptance has not been met, he has rendered no services to the drawer for which to be paid.

*Morphy, J.,* delivered the opinion of the court.

The plaintiffs seek to recover of defendant the amount of a draft of seven hundred dollars, drawn on them for his accommodation, in favor of A. Fisk, Watt & Co., together with certain commissions due them for acceptances on other drafts of defendant, set forth in an account annexed to their petition. The defence set up is, that the defendant has never received any value for the draft ; that the plaintiffs have never paid it, and are not the owners of it. There was judgment below for the plaintiffs, from which the defendant appealed.

From defendant's answers to interrogatories propounded in the petition, it appears that at the time the draft was accept-

WESTERN DIST.
*October*, 1840.

WILKINSON
ET AL.
*vs.*
PHELPS.

ed, or at its maturity, he had no funds in the hands of the plaintiffs, and that he passed off the draft in payment to Fisk, Watt & Co., after its acceptance.

It is urged that the plaintiffs cannot recover without showing that they have paid the draft, because the endorsement of the payees is erased and he (defendant) received no credit from them for its amount. We are clearly of opinion, that the possession of a draft by an accommodation acceptor, coupled with the fact that it has been put in circulation by the drawer, is sufficient to authorize the former to recover; because payment by the acceptor, under such circumstances, will be presumed until the contrary is shown. On examining the account current of the payees with defendant, it appears that in January, 1834, the latter was credited with the acceptance of seven hundred dollars, which was to mature on the 5th March, following, and at this last date the draft not having been paid on the very day of its maturity, we find defendant debited with its amount, and with three dollars for the costs of the protest; the account closes on the next day, the 6th March, 1834. It would have been easy for the defendant to prove, by the payees, that the draft had not been subsequently paid, and thus destroy the presumption of payment resulting from the plaintiffs' possession of it.

The circumstance of the payees erasing their endorsement on the back of the draft, appears to us immaterial. It is even, we believe, a customary thing in business for an endorser to erase his name on being paid by a prior party. This draft was probably endorsed for the purpose of collection in bank, and when the plaintiffs afterwards took it up, they could not object to the payees erasing their name from it. The commissions claimed by the plaintiffs, we think, have been satisfactorily proved.

It is, therefore, ordered, that the judgment of the court below be affirmed, with costs.

The possession of a draft by an accommodation acceptor, coupled with the fact that it has been put in circulation by the drawer, is sufficient to authorize the holder to recover, because payment by him will be presumed until the contrary is shown.